UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| CHARLES ANTHONY AVILA | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIV. NO. 7:19-cv-00427 |
| | § | |
| L REYNOLDS, et al. | § | |
| Defendants. | § | |

## REPORT & RECOMMENDATION

I.

On April 23, 2019, Plaintiff, Mr. Charles Anthony Avila, filed a Motion to Proceed *In Forma Pauperis* alongside a civil rights complaint. *Avila v. Reynolds, et al.*, 7:19-mc-00681, Dkt. No. 1. Plaintiff was granted *in forma pauperis* status on December 31, 2019 and the underlying civil action was opened. (Dkt. No. 2.) On March 27, 2020, the Court ordered that Plaintiff file an amended complaint that conformed to Rule 11 of the Federal Rules of Civil Procedure and to identify the names and proper place of service for each of the Defendant's so that the Court could order service be properly made. (Dkt. No. 5 at 2.)

On April 27, 2020, Plaintiff filed a Motion to Amend Complaint.[1] (Dkt. No. 7.) The amended complaint claims that Plaintiff's civil rights were violated when, in July of 2017, an alleged invalid warrant was used to take Plaintiff into custody. (Dkt. No. 7 at 1-2.) It appears that Plaintiff is claiming the warrant issued for violation of parole was executed after the term of Plaintiff's sentence had concluded; therefore, making his arrest and subsequent detention a

---

[1] Plaintiff's Motion to Amend Complaint was filed after the Court ordered Plaintiff to amend the complaint to comply with the requirement for a complaint to contain Plaintiff's signature and to include Plaintiff's requested amended relief. (Dkt. No. 5 at 2.)

1

violation of Plaintiff's Fourth Amendment rights as an unlawful arrest and detention. Plaintiff also raises a claim for the destruction of his personal property while he was detained, said property being a prayer rug and photograph of Plaintiff's mother. (*Id.* at 2.) Plaintiff names as Defendants "L. Reynolds," "Don Koening," and "?? Rosa," while also complaining of the "Director of the Texas Dept of Correction [sic]." *Id.* at 1.

II.

After review of the amended complaint, and Plaintiff's original petition, this Court *sua sponte* recognizes that the McAllen Division of the Southern District of Texas is not the proper venue for Plaintiff's action. *See Caldwell v. Palmetto State Sav. Bank of South Carolina*, 811 F.2d 916, 919 (5th Cir. 1987) (stating that a district court may *sua sponte* transfer actions pursuant to 28 U.S.C. § 1406).

Section 1391 of title 28 provides a civil action to be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Further, "there are cases in which a claim may properly be said to arise in more than one district." *Checki v. Webb*, 785 F.2d 534, 538 (5th Cir. 1986). However, "it is absolutely clear that Congress did not intend to provide for venue at the residence of the plaintiff." *Leroy v. Great Western United Corp.*, 443 U.S. 173, 185 (1979).

Plaintiff filed the case in the proper judicial district, the Southern District of Texas, but it is the Houston Division, not the McAllen Division, where venue appears to be proper. The McAllen Division of the Southern District of Texas serves Hidalgo and Starr Counties. 28 U.S.C.

§ 124(b)(7). The Houston Division of the Southern District of Texas serves Austin, Brazos, Colorado, Fayette, Fort Bend, Grimes, Harris, Madison, Montgomery, San Jacinto, Walker, Waller, and Wharton Counties. 28 U.S.C. § 124(b)(2).

Plaintiff claims that upon expiration of a sentence he was serving in federal prison in Florence, Colorado, he was arrested pursuant to an unconstitutional warrant and transported to the Texas Department of Criminal Justice (TDCJ) – Byrd Unit where he was unlawfully detained. (Dkt. No. 7 at 1-2.)[2] Plaintiff, now a citizen of Hidalgo County, also complains of the destruction of property that occurred at TDCJ - Byrd Unit. (*Id.* at 2.) The Byrd Unit is located in Walker County and, with the information provided in the amended complaint, is the location of a substantial part of the events giving rise to Plaintiff's claims.[3] While it is unclear whether any of the Defendants reside in Walker County, at least one Defendant, Mrs. Rosa, worked at the Byrd Unit according to Plaintiff and the record does not show that any of the Defendants reside in Hidalgo or Starr County. Ultimately, nothing presented in the amended complaint shows how the McAllen Division is appropriate or provides an avenue for venue in this Court. Thus, this Court, the McAllen Division, is not the proper venue for this case.

The United States Code provides "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). *See also Fanning v. Director, TDCJ-CID*, Civ. No. 5:18-CV-91, 2018 WL 3584494, at *2 (E.D. Tex. Jul. 26, 2018) (transferring a civil rights case from the Texarkana Division to the

---

[2] Plaintiff admits he was sentenced on January 17, 1980 to 30 years in prison in Texas for conviction of aggravated robbery with a deadly weapon, released on parole in 2003, and then "followed the rules until 2008", after which he robbed a bank in Missouri and was sentenced to 10 years in prison. (Dkt. No. 1 at 4; *see also* Dkt. No. 1-1 at 1.) Plaintiff's primary claim is that state officials executed a warrant to revoke state parole after expiration of the 30-year sentence. (*Id.*)

[3] *Byrd (DU)*, Tex. Dept. of Crim. Just. (Sept. 15, 2016), https://www.tdcj.texas.gov/unit_directory/du.html.

3

Beaumont Division where the events giving rise to the claim occurred); *Walker v. Davis*, Civ. No. 3:19-CV-0359, 2019 WL 5929233, at *2 n.1 (S.D. Tex. Nov. 12, 2019) (explaining that unlike a habeas petition which can be brought in the district where the petitioner is located, a civil rights complaint must be brought in the district where a defendant resides or the events giving rise to the claim occurred).

III.

Plaintiff's complaint should be considered by the court in which venue is proper. The Houston Division of the Southern District of Texas, which serves Walker County, is the judicial division in which the events giving rise to Plaintiff's claims occurred. Plaintiff's civil action should be transferred to the Houston Division of the Southern District of Texas.

## CONCLUSION

### *Recommended Disposition*

After a careful review of the record and relevant law, the undersigned recommends that Plaintiff's civil action is **TRANSFERRED** to the Houston Division of the Southern District of Texas.

### *Notice to the Parties*

Within 14 days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file written objections to the proposed findings and recommendations contained in this report within 14 days after service shall bar an aggrieved party from de novo review by the District Court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice.

The Clerk shall send a copy of this Order to Plaintiff.

DONE at McAllen, Texas, this 7th day of May, 2020.

                                                Juan F. Alanis
                                                United States Magistrate