Case 4:20-cv-01776   Document 13   Filed on 06/10/20 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
June 10, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLES ANTHONY AVILA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. H-20-1776 |
| | § | |
| L. REYNOLDS, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

The plaintiff, Charles Anthony Avila (former TDCJ #382871; former BOP #23771-175), has filed a civil rights complaint under 42 U.S.C. § 1983 against two parole officials and an officer employed by the Texas Department of Criminal Justice ("TDCJ"), where Avila was previously confined [Doc. # 1]. Avila recently filed an amended complaint, which adds claims against TDCJ and former Executive Director Brad Livingston [Doc. # 7], concerning his former confinement. Because Avila proceeds *in forma pauperis*, the Court is required to scrutinize the complaint and dismiss the case if it determines that the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). The Court concludes that this action must be dismissed for reasons set forth below.

## I.     BACKGROUND

Avila is a former state and federal prisoner who currently resides in Mission, Texas [Doc. # 1, at 3].  On January 17, 1980, Avila was convicted of aggravated robbery with a deadly weapon and sentenced to 30 years' imprisonment in Navarro County Case No. 20,916 [[Doc. # 1-1, at 1].  In 2003, Avila was released from TDCJ on parole [Doc. # 1, at 4].  Avila reports that he complied with all of the terms and conditions of his parole until 2008, when he left the state of Texas "without permission" and travelled to Missouri, where he robbed a bank [*Id.*].

On September 25, 2009, Avila was convicted following his guilty plea to bank robbery charges lodged against him in the Eastern District of Missouri, which sentenced him to serve 120 months in custody of the United States Bureau of Prisons. *See United States v. Avila*, Crim. No. 4:08-576-01 (E.D. Mo. Sept. 25, 2009).  After Avila was charged in that case, TDCJ issued a warrant to revoke his parole for violating the terms and conditions of his supervised release [Doc. # 1-1, at 6].  Avila presents documents showing that, while he was serving his federal sentence, a detainer was imposed pursuant to that parole warrant, which was signed by "L. Reynolds" of the TDCJ Parole Division and Don Keonig of the TDCJ Parole Division Warrant Section [Doc. # 1-1, at 4-5].

Avila claims that he was "kidnapped" and returned to TDCJ pursuant to the detainer [Doc. # 1, at 4], which was executed upon his release from federal prison

on July 17, 2017 [Doc. # 7, at 2]. When Avila arrived at the Byrd Unit intake facility in Huntsville, he claims that an officer or employee named "Rosa" wrongfully destroyed items of his personal property, including a photograph of his mother [*Id.*]. Avila was released from TDCJ shortly thereafter on August 2, 2017 [*Id.* at 3].

Avila contends that his confinement pursuant to the detainer was unauthorized because the 30-year state court sentence that he received in 1980 expired or was discharged on January 16, 2010 [Doc. # 7, at 3]. Alleging that he was wrongfully imprisoned past this date as a result of the detainer imposed by TDCJ parole officials, Avila has filed this civil rights lawsuit against Reynolds, Koenig, Rosa, TDCJ, and former Executive Director Livingston, seeking $1,500 for every day that he was held in custody between January 16, 2010, and the date he was released from TDCJ on August 2, 2017 [*Id.*]. He also seeks $20 million in compensatory damages for "physical and mental anguish" and $1 billion in punitive damages [*Id.*]. Although the original complaint is not signed or dated by Avila, it was received for filing in the Southern District of Texas, McAllen Division, on April 23, 2019 [Doc. # 1, at 8], which transferred the case to the Houston Division on May 21, 2020 [Doc. # 11]. Avila has filed a motion to transfer venue back to the McAllen Division, citing his indigent status and inability to travel to Houston for any proceedings associated with this case [Doc. # 12]. Because this case must be dismissed for reasons discussed further below, Avila's motion to transfer venue will be denied.

## II.     DISCUSSION

### A.     Wrongful Confinement

Avila's primary claim is that he was wrongfully confined after his state court sentence expired on January 16, 2010, until he was released from TDCJ custody on August 2, 2017, because of an unauthorized detainer issued by TDCJ parole officials. As an initial matter, Avila cannot recover monetary damages from TDCJ because the Eleventh Amendment bars an action in federal court by a citizen of a state against his or her own state, including a state agency. *See Martinez v. Texas Dep't of Criminal Justice*, 300 F.3d 567, 575 (5th Cir. 2002). Eleventh Amendment immunity also bars a suit for money damages against TDCJ employees in their official capacity. *See Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) (citations omitted); *Aguilar v. Texas Dep't of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998) (extending immunity to TDCJ officers acting in an official capacity).

Avila's claim of wrongful confinement fails for additional reasons. To recover damages based on allegations of "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [civil rights] plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under]

4

28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). A claim for damages that bears a relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id*.

Avila cannot demonstrate that he was wrongfully confined for the time he spent in federal prison pursuant to a valid sentence imposed by the Eastern District of Missouri in 2009, through the time he was released from the Bureau of Prisons on July 17, 2017. Moreover, to the extent that Avila now attempts to challenge the validity of his confinement pursuant to the detainer issued by Texas parole officials, there is no record that Avila ever challenged the detainer or the duration of his parole before filing his complaint in this case. Absent a showing that his detainer was set aside or invalidated by a state tribunal or on habeas review before Avila filed his pending complaint in this case, the rule in *Heck* precludes any claim for damages. *See Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995) (per curiam) (holding that *Heck* applies to bar claims that implicate the invalidity of a probation or parole revocation and those that call into question the fact or duration of parole); *Wilson v. Scott*, No. 3:02-cv-344, 2002 WL 1971334, at *3 (N.D. Tex. Aug. 26, 2002) (applying *Heck* to claims similar to those raised here regarding a challenge to the validity of a detainer imposed on a federal prisoner which resulted in his return to TDCJ); *Rose v. Texas Bd. of Pardons and Paroles*, No. 6:08-cv-50, 2008 WL 2607340, at *1 (S.D. Tex. July 2, 2008) (dismissing civil rights claims challenging

a parole detainer that had not been invalidated or set aside as required by the rule in *Heck*). Accordingly, Avila's claim of wrongful confinement must be dismissed with prejudice at this time. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (explaining that claims barred by *Heck* are "dismissed with prejudice to their being asserted again until the *Heck* conditions are met"); *see also Randall v. Johnson*, 227 F.3d 300, 301 (5th Cir. 2000) (concluding that *Heck* continues to apply where a prisoner challenges an expired sentence).

### B. Loss of Personal Property

Avila also contends that an officer or prison employee identified as Rosa wrongfully destroyed items of his personal property at the Byrd Unit when Avila returned to TDCJ in 2017. To the extent that Avila seeks compensatory damages for the loss or wrongful destruction of his personal property, the Supreme Court has held that a negligent, or even intentional, deprivation of property by prison officials that is random and unauthorized does not rise to the level of a constitutional violation or a cognizable claim under 42 U.S.C. § 1983 if state law provides an adequate post-deprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533-34 (1984). Texas provides a remedy for inmates who claim they have been deprived of property in an unauthorized manner. *See Myers v. Klevenhagen*, 97 F.3d 91, 95 (5th Cir. 1996); *Marshall v. Norwood*, 741 F.2d 761, 764 (5th Cir. 1984); *Aguilar v. Chastain*, 923 S.W.2d 740, 743-44 (Tex. Crim. App. 1996); *see also* Tex. Gov't Code §§ 501.007,

501.008. Because Texas provides an adequate post-deprivation remedy, Avila's claim that his property was wrongfully taken by the prison employee identified as Rosa has no basis in federal law. *See Murphy v. Collins*, 26 F.3d 541, 543-44 (5th Cir. 1994). For this reason, Avila's claims concerning the loss of his personal property will be dismissed as both frivolous and for failure to state a claim upon which relief may be granted.

### III. CONCLUSION AND ORDER

Accordingly, the Court **ORDERS** as follows:

1. The civil action filed by Charles Anthony Avila is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to state a claim upon which relief may be granted.

2. Avila's motion to transfer venue [Doc. # 12] is **DENIED**.

The Clerk's Office will provide a copy of this order to the plaintiff.

SIGNED at Houston, Texas on ___June 10_____, 2020.

NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE